

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2002

# USA v. Saadi

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Saadi" (2002). *2002 Decisions.* Paper 349.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/349

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2118
_____


UNITED STATES OF AMERICA

vs.

NABIL SALIM SAADI

Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 00-cr-00112)
District Judge:  The Honorable John W. Bissell

_____


Submitted Under Third Circuit LAR 34.1(a)
June 7, 2002


BEFORE: NYGAARD, BARRY and MAGILL, Circuit Judges.


(Filed:   June 11, 2002)

_____


OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

 Appellant, Nabil Salim Saadi, appeals from a judgment and conviction for distribution and possession with intent to distribute "Ecstasy," in violation of 21 U.S.C. 841(a)(1) and 846.  The District Court sentenced Saadi to 83 months' imprisonment, followed by a three-year term of supervised release, and imposed a fine of $12,500 and a special assessment of $100.  Appellant raises the issues shown in Section I below and taken verbatim from his brief.  We will affirm.

I.  ISSUES

 1.  Whether the evidence was insufficient to support appellant's conviction on the drug conspiracy charged in the indictment.

 2.  Whether the District Court's charge to the jury was erroneous.

 3.  Whether the government's post-verdict disclosure of telephone toll records deprived appellant of his right to due process and a fair trial.

 4.  Whether the District Court erred in sentencing appellant based on

Guideline enhancements for uncharged and unproven drug quantity.

## II.  DISCUSSION

The history of this case is well known to both counsel, the parties, and the Court.  Inasmuch as we are writing a non-precedential opinion, essentially for the parties herein, we see no need to recapitulate either the extensive facts upon which Saadi was convicted, nor the procedure that preceded the conviction and sentencing therein.

Addressing the issues, we first conclude that, based upon the evidence presented at trial, a reasonable jury could have found beyond a reasonable doubt that Saadi knew he was involved in a conspiracy to distribute a controlled substance, namely "Ecstacy".  Appellant met with a drug courier on three separate occasions to pick up suitcases of "Ecstacy"  on one occasion he gave the courier $50,000 and on another he fled from authorities after picking up a suitcase containing "Ecstasy".  This, and other evidence,  was more than sufficient to sustain appellant's conviction.

We also conclude that the District Court properly instructed the jury on willful blindness.  The District Court instructed the jury that it had to find beyond a reasonable doubt that appellant knew or believed that the conspiracy involved a controlled substance and that knowledge of the existence of a particular fact could be established if it found that Saadi willfully blinded himself to that fact.  This instruction i accurate.

Next, the District Court did not err when it found that the government's non-disclosure of cellular phone records of a co-conspirator was not a violation of Brady v. Maryland, 373 U.S. 83 (1963), because the records do not refute the government's claim that Saadi was in contact with this co-conspirator.

Finally, Saadi was sentenced to a term of 83 months, well below the applicable statutory maximum sentence of twenty years.  Given this fact, the rule of Apprendi, v. New Jersey, 530 U.S. 466 (2000), does not require the issue of drug quantity to be submitted to the jury for a finding beyond a reasonable doubt.

## III.  CONCLUSION

In sum, and for the foregoing reasons, we will affirm the judgment of the District Court entered on April 24, 2001.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Richard L. Nygaard_____
Circuit Judge